(58 South. 496.)

No. 18,834.

DAWSON v. FORDNEY–FASSET CO., Limited, et al.

(March 25, 1912. Rehearing Denied April 22, 1912.)

DEEDS (§ 211*)—EXECUTION—KNOWLEDGE OF CONTENTS—EVIDENCE.

Evidence *held* to require a finding that plaintiff executed a deed to certain land in controversy with full knowledge of its contents and with the voluntary intent to pass title.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 637–647; Dec. Dig. § 211.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Thomas M. Burns, Judge.

Suit by Willie Dawson against the Fordney-Fasset Company, Limited, and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Clay Elliott, for appellant. Herman E. Gayer, for appellee Fordney-Fasset Co., Limited. Ellis & White and A. D. Schwarz, for appellee Bank of Kentwood.

PROVOSTY, J. Plaintiff is a negro, and cannot read, nor write, nor even sign his name. He acquired under the homestead laws of the United States 160 acres of land, described as S. E. ¼ of section 14, township 3 S., range 9 E., parish of Washington. On March 15, 1902, before his patent had issued to him (the patent issued November 21, 1902), he executed a cash deed to the land in favor of the Bickham Mercantile Company as security for $300 to be advanced to him in merchandise. This deed was duly recorded on the date of its execution. Plaintiff, not knowing how to sign, made his mark to it. Plaintiff testified that he executed a note for the purchase price of a mule, but never this deed to his land; that the first he knew of this deed was in the fall of 1902, when the clerk of court told him of its existence. In this he is contradicted by Mr. Bickham, who says that, though the deed was not read to plaintiff, he had full knowledge of what it was and voluntarily made his mark to it.

On December 17, 1902, the Bickham Mercantile Company made a credit sale of the land to Sam Dawson, plaintiff's father, for $1,700, and on the same day the plaintiff, by an act under private signature, relinquished all his interest in said land. The former of these acts was recorded on January 6, 1903, and the latter on May 2, 1904. This relinquishment also plaintiff denies that he ever

executed; but several witnesses testify to its execution, and to its having been read to plaintiff, and his having understood fully its purport, and there can be no doubt whatever in the matter.

The said deed of March 5, 1902, and this act of relinquishment, are lost, and were not produced in evidence; but their loss was duly accounted for, and their registry was admitted in evidence in their place.

On January 7, 1904, Sam Dawson, plaintiff's father, retransferred the land to the Bickham Mercantile Company, and on January 9, 1904, the act of retransfer was duly recorded.

Some time after this the Bickham Mercantile Company went into bankruptcy, and surrendered this land as part of its assets. On May 7, 1907, this land was sold at bankruptcy sale, and adjudicated to the Bank of Kentwood. The deed of adjudication was duly recorded on November 2, 1907.

On December 20, 1909, the Bank of Kentwood sold this land to the defendant company.

Plaintiff brings this suit to recover the land, alleging that he never parted with his title; that the act of March 5, 1902, by which he appears to have sold the land to the Bickham Mercantile Company, and the act of relinquishment of December 17, 1902, are forgeries; and that the Bank of Kentwood and the defendant company knew of the fraudulent character of said acts and acquired the property in bad faith.

The evidence establishes that these purchasers bought in perfect good faith, without any suspicion of any defect in the title, and, this being the case, their title would have been good, even if the plaintiff's said relinquishment had been for any reason invalid; but the relinquishment was executed with full knowledge and for full consideration, and is therefore perfectly valid.

Judgment affirmed.